IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL GUTWEIN,

    Plaintiff,

v.                                                                  No. 1:15-cv-00672 RB/WPL

TAOS COUNTY DETENTION CENTER ("TCDC"),
TAOS COUNTY,
HEALTHCARE PARTNERS FOUNDATION ("HPF"),
JOE SPRUNK, INDIVIDUALLY AND AS ADMINISTRATOR,
TAOS DETENTION CENTER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court upon Defendant Joe Sprunk's Motion to Dismiss for insufficient service of process. (Doc. 21.) Plaintiff opposes the motion. (Doc. 22.) Having considered the submissions of counsel and relevant law, the Court will **GRANT** the motion.

**I.**     **Background**

The following facts are drawn from Plaintiff's Complaint. (Doc. 1.) Plaintiff was incarcerated at the Taos County Detention Center in Taos, New Mexico from July 27, 2013 to October 2013. (*Id.*) On July 28, 2013, Plaintiff reported severe shoulder pain to detention center staff. (*Id.*) Plaintiff was transported to Holy Cross Hospital and diagnosed with a dislocated shoulder and chronic pain. (*Id.*) Plaintiff was prescribed Ibuprofen, given a sling, and discharged from the hospital. (*Id.*) Plaintiff was denied medical care for the rest of his three-month incarceration. (*Id.*) On November 12, 2013, after his release from the Taos County

Detention Center, Plaintiff required shoulder surgery and physical therapy.  (*Id.*)  Defendant Joe Sprunk was the Administrator of the Taos County Detention Center during the relevant time period.  (*Id.*)

On August 3, 2015, Plaintiff filed suit in this Court alleging that the actions of Defendants constituted deliberate indifference to his serious medical needs in violation of the United States Constitution and the New Mexico Constitution.  (Doc. 1.)  Plaintiff seeks recovery under 42 U.S.C. § 1983, and asserts claims for negligence, intentional infliction of emotional distress, and violations of the Americans with Disabilities Act.  (*Id.*)

On December 3, 2015, United States Magistrate Judge William P. Lynch issued an Order to Show Cause requiring that Plaintiff serve Defendants, or provide a written explanation why service had not been effected, no later than January 4, 2016.  (Doc. 6.)  Plaintiff served Defendants Taos County Detention Center and Taos County on December 7, 2015.  (Docs. 7 and 8.)  On December 30, 2015, Plaintiff filed an unexecuted summons stating that Defendant Sprunk was not employed at the Taos County Detention Center.  (Doc. 12.)

On January 7, 2016, Judge Lynch entered an Order Extending Time to Serve Defendant Joe Sprunk to February 8, 2016.  (Doc. 14.)  On January 8, 2016, the Court issued an Order Dismissing Defendant Healthcare Partners Foundation Without Prejudice.  (Doc. 16.)

On February 8, 2016, Plaintiff requested an extension of time to serve Defendant Sprunk.  (Doc. 17.)  On February 9, 2016, Judge Lynch extended the time to serve Defendant Sprunk to February 29, 2016.  (Doc. 19.)

On February 24, 2016, Plaintiff filed a summons issued to Defendant Sprunk with a return of service stating "served summons to front door of 10609 Paso Fino, an address confirmed by Defendant's mother at 10619 Rafael."  (Doc. 20.)

On March 1, 2016, Defendant Sprunk moved to dismiss based on insufficient service of process. In response, Plaintiff contends that the second attempt at service was valid.

**II.   Discussion**

"Effectuation of service is a precondition to suit." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). The plaintiff bears the burden of establishing the validity of service. *See Fed. Deposit Ins. Corp. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992). Plaintiff has not established that Defendant Sprunk was properly served.

Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(e) provides that an individual may be served by "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Similarly, New Mexico's procedural rules for effectuating service on an individual provide that service may be accomplished by "delivering a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process." N.M. Rules Ann. Rule 1–004(F)(2).

In this case, Plaintiff has not established the validity of service. In the first attempt at service, the summons was returned unexecuted. In the second attempt at service, the summons and complaint were left at the front door of an address believed to be Defendant Sprunk's

residence.  The summons and complaint were not served on Defendant Sprunk or "any person of suitable age and discretion who resides there" or served on "some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mail[ed] by first class mail to the defendant at the defendant's last known mailing address."  Accordingly, the attempts at service of process were insufficient under both federal and New Mexico law and Plaintiff has not established that Defendant Sprunk was validly served.

Federal Rule of Civil Procedure 4(m) provides: "If a defendant is not served within 90 days[1] after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  *See* Fed. R. Civ. P. 4(m).  A two-step analysis governs the question of whether to dismiss pursuant to Rule 4(m).  *See Espinoza v. United States*, 52 F.3d 838, 840–41 (10th Cir. 1995).  First, if good cause is shown, the plaintiff is entitled to a mandatory extension of time.  *Id*.  Second, if the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted . . . [and] may in its discretion either dismiss the case without prejudice or extend the time for service."  *Id.* at 841.

Judge Lynch granted Plaintiff two extensions of time to serve Defendant Sprunk. Plaintiff failed to effectuate service within these extended time periods.  Plaintiff has not shown good cause for the failure to serve Defendant Sprunk.  The Court finds that no further permissive

---

[1] Federal Rule of Civil Procedure 4(m) was amended on April 29, 2015, effective December 1, 2015. The Amendment reduced the time for serving a defendant from 120 days to 90 days. This amendment was not effective until after Plaintiff filed his complaint and 120 days passed. Therefore, the amendment does not apply in analyzing Plaintiff's failure to serve Defendant Sprunk.

extension is warranted and determines that the claims against Defendant Sprunk should be dismissed without prejudice.

**THEREFORE,**

**IT IS ORDERED** that Defendant Joe Sprunk's Motion to Dismiss (Doc. 21) is **GRANTED.**

**IT IS FURTHER ORDERED** that the claims against Defendant Sprunk are **DISMISSED WITHOUT PREJUDICE.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**