## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MICHAEL GUTWEIN,

       Plaintiff,

v.                                           CV 15-672 RB/WPL

TAOS COUNTY DETENTION CENTER and
TAOS COUNTY,

       Defendants.

## ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL

Defendants Taos County Adult Detention Center ("TCADC")[1] and Taos County ("the County") (collectively, "County Defendants") served Plaintiff Michael Gutwein with discovery requests on July 20, 2016. On September 9, 2016, the County Defendants filed a motion to compel discovery responses and initial disclosures pursuant to Federal Rule of Civil Procedure 37, and for sanctions as a result of needing to bring the motion. (Doc. 47.) Gutwein responded to the motion to compel and indicated that he "provided approximately 400 pages of documents in response to Defendant's [sic] request for production" and "provided responses to Defendant's [sic] Interrogatories" on September 13, 2016. (Doc. 56 at 2.) Gutwein indicated that there was an outstanding issue with respect to Interrogatory No. 9, but that he would provide a supplemental response by 5:00 p.m. on September 21, 2016—the day after Gutwein responded to the motion to compel. (*Id.* at 3.) In their reply, the County Defendants reiterated their request for sanctions and explained that the dispute had been narrowed to Interrogatory Nos. 11-14, Request for Production ("RFP") No. 13, and an outstanding verification page. (Doc. 59 at 10.) Having

---

[1] Gutwein incorrectly named Taos County Detention Center. The facility is properly called the Taos County Adult Detention Center.

reviewed the briefing, the record, and the relevant law, I grant in part and deny as moot in part the motion to compel. Within five days from the date of entry of this Order, Gutwein must show cause, in writing, why he should not be required to pay the County Defendants' reasonable expenses and attorney's fees related to this motion under Rule 37.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 33, governing interrogatories to parties, provides that "interrogatories must be answered (A) by the party to whom they are directed . . . ." FED. R. CIV. P. 33(b)(1). Additionally, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." FED. R. CIV. P. 33(b)(3). A party objecting to an interrogatory must specify its grounds for the objection. FED. R. CIV. P. 33(b)(4); *e.g.*, *Doe v. Nat'l Hemophilia Found.*, 194 F.R.D. 516, 520 (D. Md. 2000). Any objection not raised or not raised with specificity is waived. *Miller v. Pruneda*, 236 F.R.D. 277, 281 (N.D. W. Va. 2004). An incomplete or evasive answer is not considered an answer, but rather a failure to answer. *Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 212 (N.D. Ill. 2010) (citing FED. R. CIV. P. 37(a)(4)).

Rule 33(d) allows an answering party to refer to their own business records when the answer may be derived or ascertained from those records and "the burden of deriving or ascertaining the answer will be substantially the same for either party." FED. R. CIV. P. 33(d). Such an answer is "inappropriate where the interrogatory calls for 'the exercise of particular knowledge and judgment on the part of the responding party.'" *Ayers v. Cont'l Cas. Co.*, 240 F.R.D. 216, 226 (N.D.W.Va. 2007) (quoting *United Oil Co. v. Parts Assocs., Inc.*, 227 F.R.D. 404, 419 (D. Md. 2005)). However, the answering party must identify which documents are responsive with sufficient detail to allow the interrogating party to quickly identify those

documents. *Id.* "If the pertinent documents do not contain all the [relevant] information[, the answering party] must provide substantive responses." *Id.* (citing FED. R. CIV. P. 33(d); *Martin v. Easton Publ'g Co.*, 85 F.R.D. 312, 315 (E.D. Pa. 1980)).

A party must either produce documents responsive to a request for production ("RFP") or "state with specificity the grounds for objecting to the request, including the reasons" and "state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2). As with interrogatories, general objections to a request for production are insufficient and will be overruled. *See Convertino v. U.S. Dep't of Justice*, 565 F. Supp. 2d 10, 12-13 (D.D.C. 2008).

Because the County Defendants indicated that all discovery disputes addressed in the motion to compel were subsequently resolved, except with respect to the verification page, Interrogatory Nos. 11-14, and RFP No. 13, I will only address the outstanding matters.

Gutwein did not sign or verify his responses. Failure to verify an answer to an interrogatory renders that answer incomplete. *Villareal*, 266 F.R.D. at 212. Rule 33 is clear that interrogatories must be answered and signed by the party to whom they are directed. *See Cabales v. United States*, 51 F.R.D. 498, 499 (S.D.N.Y. 1970). In an email dated September 13, 2016, Plaintiff's counsel asked counsel for the County Defendants if he needed a verification page for the interrogatory answers, clearly indicating that Gutwein did not verify his answers. (Doc. 56-1 at 4.) On this basis, Gutwein's answers to the Interrogatories are incomplete. Gutwein has fourteen days from the date of entry of this Order to provide complete answers, including verification.

<u>Interrogatory No. 11</u>: Interrogatory No. 11 asked Gutwein to

[p]lease state the name, address, and telephone number of each health care
provider who has examined or treated you during the period beginning ten (10)
years before the date of July 27, 2013 when Plaintiff was booked into TCADC as
alleged in Plaintiff's Complaint to the present date. For each health care provider
identified, please state the following:
      A.     The date of each examination or treatment;
      B.     The injury, illness, condition, complaint or other reason for which
each examination or treatment was conducted; and
      C.     Whether the injury, illness, condition or complaint for which
examination or treatment was performed has been relieved, and if so, the
approximate date of relief.

(Doc. 47-1 at 12.) The County Defendants contend that Gutwein's answer failed to identify the

names, addresses, and telephone numbers of his providers; failed to list the dates of examination

or treatment; did not identify the reason for each examination or treatment; did not state whether

the conditions have improved or when they improved; and purported to answer the interrogatory

"by vague reference to Plaintiff's prior production or to the requesting party's own records."

(Doc. 59 at 3.)

      Gutwein stated that he has "produced and identified his medical providers" for the last

decade and has "produced copies of medical records" to the County Defendants. (Doc. 56 at 1.)

Gutwein has also executed "general medical releases for his medical records" and "provided a

written authorization to release his medical records directly" to defense counsel. (*Id.*)

      While Gutwein may well have done all of these things, that does not alleviate his

obligation to respond, individually, to interrogatories propounded under Rule 33.[2] I agree with

---

[2] I note that Gutwein's medical records do not appear to be his own business records, which
would render them illegible for the election under Rule 33(d). *See Pulsecard, Inc. v. Discover Card
Servs., Inc.*, 168 F.R.D. 295, 305 (D. Kan. 1996) (documents produced by a non-party are not a party's
business records and cannot be referenced to answer an interrogatory). Even assuming, under the broadest
reading, that Gutwein's production of medical releases and copies of medical records constitutes
production of business records under Rule 33(d), Gutwein is still required to "specify[] the records that

the County Defendants that Gutwein's response to Interrogatory No. 11 was insufficient. Within fourteen days from the date of entry of this Order, Gutwein will provide a full response to Interrogatory No. 11, including providing the name, address, and telephone number for each health care provider he has seen during the identified time period; stating the date of each examination or treatment with each provider, or referring to specific pages of the provided records, preferably by Bates number; stating the reason for which each examination or treatment was conducted, or referring to specific pages of the records, preferably by Bates number; and stating whether the issue has resolved, and if so, the approximate date of resolution. Gutwein is reminded that a general reference to previously provided records is insufficient to comply with this Order.

Interrogatory No. 12: Interrogatory No. 12 asked Gutwein to

[p]lease state the name, address, and telephone number of each hospital at which you have been examined or treated during the period beginning ten (10) years before July 27, 2013 when Plaintiff was booked into TCADC as alleged in Plaintiff's Complaint to the present date. For each hospital identified, state:
    A.    If admitted, the date of admission and the date of discharge;
    B.    If not admitted, the date of the visit; and
    C.    The injury, illness, condition, complaint or other reason for the hospitalization or visit.

(Doc. 47-1 at 13.) The County Defendants again argue that Gutwein's response is insufficient, this time on the basis that Gutwein referred to his response to Interrogatory No. 11 and the two Interrogatories seek different information.

Gutwein's response—that he has provided the information discussed above, with respect to Interrogatory No. 11—is the same for all of the outstanding discovery requests.

---

must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." FED. R. CIV. P. 33(d)(1); *see also Pulsecard, Inc.*, 168 F.R.D. at 305 (generic reference to produced documents does not satisfy the specificity requirement of Rule 33(d)).

I understand Gutwein's reliance on his deficient response to Interrogatory No. 11, but agree with the County Defendants that the Interrogatories seek slightly different information. Gutwein failed to adequately respond to Interrogatory No. 12. Accordingly, Gutwein will provide a full response to Interrogatory No. 12 within fourteen days from the date of entry of this Order. Gutwein's response will include the name, address, and telephone number of each hospital at which he has been treated during the identified time period; whether he was admitted to the hospital and, if so, the dates of admission and discharge; if he was not admitted, the date of the visit; and the reason he went to the hospital. Gutwein is again reminded that blanket reference to provided documents or to a previously provided medical release is insufficient. Gutwein must either provide the information directly or must provide the records and provide defense counsel with specific references, preferably by Bates number.

Interrogatory No. 13: Interrogatory No. 13 asked Gutwein to state whether

[d]uring the period beginning ten (10) years before the July 27, 2013 incident that has been alleged in Plaintiff's Complaint to the present date, . . . you have suffered any significant medical injury or illness. If so, as to each said injury or illness, please state the following:
    A.     The date on which the injury took place or illness began;
    B.     The parts of your body which were injured or affected; and
    C.     The name, address, and telephone number of the health care provider who treated you for the injury or illness.

(Doc. 47-1 at 14.) The County Defendants claim that Gutwein's response to this Interrogatory is insufficient because he failed to completely identify the relevant health care providers and vaguely referred to previous production as a mean of responding to the Interrogatory.

As discussed above, Gutwein's response is insufficient. Within fourteen days from the date of entry of this Order, Gutwein will provide a complete response to Interrogatory No. 14, including the date on which any significant medical injury or illness took place or began; the

afflicted parts of his body; and complete identification of the health care providers who treated those injuries or illnesses. Gutwein is again reminded to reference to previously produced records or the medical releases is insufficient, as described above.

Interrogatory No. 14: Interrogatory No. 14 asked Gutwein

[h]ave you ever suffered from or received treatment for alcohol or drug abuse, depression, suicidal ideation, or any other psychological problem and/or illness? If so, please state:
  A.      Whether you have sought any treatment by a health care provider;
  B.      The nature and extent of each alleged injury and whether each such injury is temporary or permanent;
  C.      Whether your alleged condition or injury has been diagnosed by a health care provider;
  D.      The date(s) that the problem/condition/disease were treated, including identification of all prescriptions and date range you have taken the prescribed medications; and
  E.      The name(s), address(es), and telephone number(s) of the health care provider(s) who treated you.

(Doc. 47-1 at 15.) The County Defendants assert that Gutwein failed to answer whether he has been treated for drug or alcohol abuse, failed to completely identify the providers, failed to identify his alleged conditions or injuries, and failed to provide dates of treatment.

Gutwein objected to this Interrogatory on the basis that it is "not reasonably calculated to lead to the discovery of admissible evidence." (Doc. 59-1 at 20.) A party objecting to an interrogatory must specify its grounds for the objection. FED. R. CIV. P. 33(b)(4); *e.g.*, *Doe*, 194 F.R.D. at 520. The "[m]ere recitation of [the] familiar litany that [an] interrogatory is overly broad, burdensome, oppressive, and irrelevant does not suffice as [a] specific objection." *Miller*, 236 F.R.D. at 281 (quotation omitted). Gutwein did not explain how this Interrogatory does not meet the standards for discovery under Rule 26. Accordingly, the objection is overruled.

Gutwein will provide a complete response to this Interrogatory within fourteen days from the date of entry of this Order. Gutwein is again reminded that reference to previously produced records or the medical releases is insufficient;  he must either directly answer the Interrogatory or refer to produced records with sufficient specificity for defense counsel to find the information, preferably by reference to Bates number. Gutwein's response will include whether he has been treated for drug or alcohol abuse, complete identification of the provider, identification of the alleged conditions or injuries, and dates of treatment.

> RFP No. 13: RFP No. 13 asked Gutwein to
>
> produce copies of all medical, mental health, and substance abuse reports made by any doctor, osteopath, chiropractor, psychiatrist, psychologist, vocational rehabilitation counselor, nurse, or other medical professional or health care provider, including, but not limited to, hospital records, x-rays, laboratory reports, radiologist reports, nurse's notes, physician's notes, patient activity records, surgical reports, substance abuse records and reports, discharge summaries and any consultant letters and records which allegedly relate in any way to the injuries you claim you sustained as a result of the incidents described in your Plaintiff's Complaint.

(Doc. 47-1 at 38.) The County Defendants state that Gutwein did not produce any treatment records relating to shoulder issues that pre-date his incarceration.

Gutwein did not specifically respond as to the RFPs, but stated that he executed general medical releases and provided some four hundred pages of medical records. (*See* Doc. 56.) Gutwein also identified, in an Interrogatory response, a complete shoulder arthroplasty in 2005.

I agree with the County Defendants that Gutwein's response to this RFP was insufficient. Again, providing a medical release is insufficient. Within fourteen days from the date of entry of this Order, Gutwein will produce all records relevant to this RFP or will sign and produce an affidavit stating that no additional records exist.

Rule 37(a)(5)(A) is clear that when a motion to compel is granted, or when the request discovery is provided after the motion was filed, the court must require the party "whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." There are three circumstances under which a court must not order this payment: (i) when the movant failed to attempt, in good faith, to obtain the discovery or disclosure without court action; (ii) when the nondisclosure was substantially justified; or (iii) when other circumstances render it unjust to award expenses.

It is clear that the County Defendants attempted to obtain the requested discovery without court action, and granted significant extensions for Gutwein to respond to discovery. (*See* Doc. 47-1 at 42-47.) Therefore, within five days from the date of entry of this Order, Gutwein must show cause, in writing, why he should not be required to pay the County Defendants' reasonable expenses, including attorney's fees, associated with bringing this motion to compel. Gutwein must make specific reference to Rule 37(a)(5)(A)(ii)-(iii) in his response.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.

9