IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL GUTWEIN,

    Plaintiff,

v.                                                CV 15-672 RB/WPL

TAOS COUNTY DETENTION CENTER and
TAOS COUNTY,

    Defendants.

**ORDER**

On October 18, 2016, I granted the County Defendants' motion to compel and ordered Plaintiff Michael Gutwein to show cause, in writing, why he should not be required to pay the County Defendants' costs and fees associated with bringing the motion, per Federal Rule of Civil Procedure 37(a)(5)(A). (Doc. 64.) Gutwein now argues that the County Defendants failed to confer in good faith before bringing the motion to compel, citing to "Rule 37(a)(2)(B)." (Doc. 66.)

In his response to the motion to compel, Gutwein did not argue that the County Defendants failed to attempt to confer in good faith before bringing the motion. (*See* Doc. 56.) There is no Rule 37(a)(2)(B) in the Federal Rules of Civil Procedure. Nonetheless, Rule 37(a)(1) does require the movant to certify that it has "in good faith conferred or attempted to confer" with the opposing party prior to filing a motion to compel. However, the standard under Rule 37(a)(1) is not the same as the standard under Rule 37(a)(5)(A).

Rule 37(a)(5)(A) is clear that when a motion to compel is granted, or when the request discovery is provided after the motion was filed, the court must require the party "whose conduct

necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." There are three circumstances under which a court must not order this payment: (i) when the movant failed to attempt, in good faith, to obtain the discovery or disclosure without court action; (ii) when the nondisclosure was substantially justified; or (iii) when other circumstances render it unjust to award expenses.

Gutwein argues that defense counsel failed to attempt, in good faith, to obtain discovery without court action. Gutwein argues that the extensions granted by and the multi-page letter sent by defense counsel do not constitute a good faith attempt to obtain discovery without court action.

In support of his argument, Gutwein cites *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 302 (D. Kan. 1996), for the proposition that a single letter between counsel does not satisfy the duty to confer under Rule 37(a)(1).[1] As previously discussed, the duty to confer is not the same as an obligation to "attempt[] in good faith to obtain the disclosure or discovery without court action." FED. R. CIV. P. 37(a)(5)(A)(i).

Under the circumstances, I find that defense counsel attempted, in good faith, to obtain the discovery without court action. While defense counsel could have engaged in additional efforts, the Rule requires neither perfect nor successful attempts. As Gutwein does not contend otherwise, I further find that Gutwein's failure to provide discovery was not substantially justified and that no other circumstances render it unjust to award expenses.

---

[1] *Pulsecard* in fact cites Rule 37(a)(2), which previously codified the same requirement presently found in Rule 37(a)(1).

Because the motion to compel was granted and/or the discovery was served after the motion was filed, Gutwein has had an opportunity to be heard, and none of the exceptions apply, I am required to award the County Defendants their reasonable costs and expenses, including attorney's fees, associated with the motion to compel. *Id.* Accordingly, I grant the County Defendants' request for fees and costs. The County Defendants are instructed to submit an affidavit regarding attorney's fees and other costs incurred in presenting this motion within ten days of the filing of this Order. Gutwein may respond to the request within five days of its filing, after which I will review and rule upon the request. Gutwein is cautioned that any further failure to fully and timely respond to discovery requests may result in more severe sanctions, including a recommendation to the presiding judge that judgment be entered in favor of the County Defendants.

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.