## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MICHAEL GUTWEIN,

      Plaintiff,

v.                                        CV 15-672 RB/WPL

TAOS COUNTY DETENTION CENTER and
TAOS COUNTY,

      Defendants.

## ORDER

This matter comes before me on the Affidavit of Attorney's Fees by Frank Apodaca. (Doc. 75.) Despite being afforded an opportunity to respond to the Affidavit, Plaintiff Michael Gutwein declined to file a response on the issue of attorney's fees I ordered in my October 18, 2016, Order (Doc. 64). The County Defendants request that I award them $1,009.81 in fees and costs, including gross receipts tax, associated with bringing the motion to compel, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). (Doc. 47.)

Rule 37(a)(5)(A) provides that, if a party's motion to compel is granted "the court must . . . require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37; *see also Walker v. THI of N.M. at Hobbs Ctr.*, 275 F.R.D. 332, 338 (D.N.M. 2011). Determining the extent of reasonable expenses incurred is within the sound discretion of the Court. *Gonzales v. City of Albuquerque*, No. CIV 09-0520 JB/RLP, 2010 WL 553308, at *12 (Feb. 9, 2010) (unpublished) (citing *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002)).

The Tenth Circuit announced a lodestar method for calculating reasonable attorney's fees in *Robinson v. City of Edmond*, 160 F.3d 1275 (10th Cir. 1998). The *Robinson* court discussed awarding attorney's fees under 42 U.S.C. § 1988 for proceedings in vindication of civil rights. Section 1988 allows the court to award a prevailing party its reasonable attorney's fees for an action under 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986, and several other federal civil rights statutes. Other courts have applied the *Robinson* calculation to an award of attorney's fees under Rule 37. *See, e.g.*, *Rogers v. Bank of America, N.A.*, Civil Action No. 13-1333-CM-TJJ, 2014 WL 6632944, at *2 (D. Kan. Nov. 21, 2014) (unpublished); *Arnold v. Wells Fargo Bank, N.A.*, Civil Action No. 09-cv-00897-PAB-BNB, 2010 WL 148270, at *1 (D. Colo. Jan. 11, 2010) (unpublished); *Bat v. A.G. Edwards & Sons, Inc.*, No. 04-CV-02225-REB-BNB, 2006 WL 446078, at *2 (D. Colo. Feb. 21, 2006) (unpublished).

Under *Robinson*, "[t]o determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee. The lodestar calculation is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'" 160 F.3d at 1281. The lodestar calculation has two components: 1) whether the hours claimed were necessary, and 2) whether the hourly rate charged "is the prevailing market rate in the relevant community." *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002). The claimant is responsible for submitting evidence supporting the hours and rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The court may reduce the award if the evidence provided is inadequate to justify the hours or rates claimed. *Id.*

Apodaca averred that he expended 5.1 hours of attorney time, at a rate of $150.00 per hour, and 3.2 hours of paralegal time, at a rate of $55.00 per hour, related to the motion. (Doc. 75

at 2-3.) Given that the motion to compel was granted and/or discovery was served after the motion was filed, Gutwein has had an opportunity to be heard, none of the exclusions apply, and Gutwein did not challenge Apodaca's Affidavit, it is appropriate to award the County Defendants their reasonable costs and fees associated with bring the motion.

Under the lodestar method, I must determine whether the hours claimed were necessary and whether the hourly rate charged "is the prevailing market rate in the relevant community." *Guides, Ltd.*, 295 F.3d at 1078. Here, I agree and therefore find that 5.1 hours of attorney and 3.2 hours of non-clerical paralegal time were necessary under the circumstances. Indeed, counsel demonstrated restraint in billing on this matter.

While counsel did not include in his Affidavit a statement of his education or professional information or any information regarding the prevailing market rate for similarly situated attorneys, I am familiar with the market for similarly situated attorneys in New Mexico. One hundred and fifty dollars per hour is not an unreasonable rate for a partner at a small firm in New Mexico. I find that this rate is reasonable in the community. Additionally, the rate charged for non-clerical paralegal work is also reasonable. Counsel could easily have billed that time as attorney-time, but instead engaged in the more economical approach of using a paralegal. This is a reasonable cost.

Accordingly, I find that the County Defendants are entitled to $765.00 in attorney fees, $176.00 in paralegal fees, and $68.81 in gross receipts tax at a rate of 7.3125 percent, for a total of $1,009.81.

Within twenty-one days from the date of entry of this Order, Gutwein shall pay the sum of $1,009.81 to the County Defendants for their attorney's fees and costs reasonably associated with the motion to compel.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.