IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL GUTWEIN,

    Plaintiff,

v.                                                       No. 15-cv-0672 RB/WPL

TAOS COUNTY DETENTION CENTER ("TCDC")
and TAOS COUNTY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Michael Gutwein's Motion to amend his responses to Defendants Taos County Adult Detention Center ("TCADC") and Taos County's Motions for summary judgment. *Doc. 58*. Having reviewed the briefing and being fully advised, the Court will grant Plaintiff's motion to amend.

### I.    PROCEDURAL POSTURE

Plaintiff is suing the county, TCADC, and its administrator, Joe Sprunk, under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), and various state law torts, alleging deprivation of his rights while he was incarcerated. *See generally doc. 1*. Plaintiff initiated suit in this Court on August 3, 2015. *Doc. 1*. On August 16, 2016, Defendants TCADC and Taos County moved for summary judgment on Plaintiff's § 1983 claim ("MSJ I") and filed a second motion seeking summary judgment on Plaintiff's ADA and remaining state law claims ("MSJ II"). *Docs. 39, 40*. Plaintiff filed his initial response on August 30, 2016. *Doc 45*. His response contained arguments opposing Defendants MSJ I, but was incorrectly identified as a response to doc. 40 (MSJ II). *Id*. Defendants replied to this response on September 14, 2016. *See Doc. 52*. Thereafter, Plaintiff sought leave from this Court to amend his filed response, arguing that his

counsel had, through excusable neglect, misidentified the motion to which his response was applicable and had omitted key attachments necessary to demonstrate a dispute of material facts. *Doc 58* at 1-2. Plaintiff also seeks the opportunity to file his additional response to Defendants' MSJ II, explaining that his counsel was unable to timely file this response due to filing issues encountered with his initial response to MSJ I. Defendants responded to this motion to amend on October 13, 2016, arguing that amendment was not justified by excusable neglect, especially in light of previous delays from failure by Plaintiff to adhere to set deadlines. *See doc. 61*. Plaintiff did not file a reply.

## II. ANALYSIS

The Federal Rules of Civil Procedure allow this Court to grant a party an extension of time even if the motion seeking such relief is made after expiration of a previously set deadline, so long as the party seeking extension failed to act due to excusable neglect. *See* Fed. R. Civ. P. 6 (b)(1). "[A] finding of excusable neglect under Rule 6(b)[(1)(B)] requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period." *In re Four Seasons Sec. Law Litig.*, 493 F.2d 1288, 1290 (10th Cir.1974); *See also Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987). Additional factors considered in determining excusable neglect include: the danger of prejudice to the nonmoving party, the length of the delay and its potential impact on judicial proceedings, and the reason for the delay, including whether it was within the reasonable control of the movant. *See Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004).

With regard to Plaintiff's request to amend, it is clear that Plaintiff attempted to submit his response to Defendants motions for summary judgment within the deadline, as evidenced by the filing of his initial response. *See doc. 45*. Further, the deficiencies in his pleading and failure to

submit his second response are attributed to a system error in uploading necessary attachments through the electronic court filing system. *Doc. 58* at 2. While Plaintiff's counsel accepts ultimate responsibility for the failure to submit the relevant responses and attachments, there is no indication that Plaintiff had control over the system error itself or had reason to anticipate that such a problem would occur. Other circuits examining similar circumstances have found that a district court maintains discretion to grant an extension for excusable neglect under Rule 6(b)(1) due to an electronic malfunction, particularly when related to the Courts filing system. *See, e.g, Salts v. Epps*, 676 F.3d 468, 474–75 (5th Cir. 2012) (holding that the district court did not abuse its discretion in granting, on grounds of excusable neglect, a request for an extension where delay was caused by a malfunction in electronic court filing system, and there was no prejudice to petitioners); *Fernandes v. Craine*, 538 F. App'x 274, 276 (4th Cir. 2013)(holding that Plaintiff's failure to file motion, due to an e-mail malfunction that diverted notice of electronic filing to counsel's "junk mail" folder, constituted excusable neglect, warranting extension). Accordingly, it appears that Plaintiff acted in good faith and that there was a reasonable basis for the deficiencies in his filings, necessitating an extension to properly file his responses.

In addition, the remaining factors do not undermine the reasonableness of granting an extension. Defendants do not persuasively show that allowing Plaintiff to correct his responses and attachments would result in prejudice against them. While they are correct that changes to Plaintiff's responses would warrant a subsequent reply, there is no prejudice so long as they are given such an opportunity to present their arguments. *See, e.g., Gallegos v. Wood*, No. CIV 13-1055 JB/KBM, 2015 WL 6393561, at *18 (D.N.M. Oct. 1, 2015) (finding no prejudice from allowing extension to complete briefing on a dispositive motion where both parties are provided ample opportunity to make their arguments). Additionally, while Defendants also correctly note

that Plaintiff could have more rapidly moved to remedy the problems discussed, the resulting delay does not unreasonably impact the judicial proceedings. Finally, allowing Plaintiff to amend best comports with the Court's duty, where possible, to resolve cases on the merits rather than on filing deficiencies. *See, e.g., Bruner-McMahon v. Cty. of Sedgwick*, No. CIV.A. 10-1064-KHV, 2011 WL 5357911, at *1 (D. Kan. Nov. 7, 2011) (allowing amendment to attach supporting exhibits to motion due to Courts' preference to resolve cases on the merits rather than on procedural technicalities). Accordingly, a brief extension for Plaintiff to amend his responses is justified under Rule 6(b)(1). *See Bishop*, 371 F.3d at 1206.

As a final matter, the Court notes that, while extension is justified by the present circumstances, it does not take lightly Defendants' legitimate concerns regarding Plaintiff's multiple delays. *See doc. 61* at 1-2. The Court therefore strongly cautions Plaintiff that it will tolerate no further failures to comply with deadlines due to counsel error or neglect. No further extensions will be granted as to dispositive motions, even if this results in dismissal without reaching the merits of the dispute. *See, e.g., Tomson v. Weitz Co.*, No. 07-2506-CM, 2008 WL 4540986 (D. Kan. Oct. 8, 2008) (denying in part motion for extension due to multiple previous delays and requests for extension).

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Amend (*doc. 58*) on the basis of excusable neglect. Plaintiff shall file his amended responses no later than December 5, 2016.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**