## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MICHAEL GUTWEIN,

    Plaintiff,

v.                                                          No. 15-cv-0672 RB/WPL

TAOS COUNTY DETENTION CENTER ("TCDC")
and TAOS COUNTY,

    Defendants.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants Taos County Adult Detention Center ("TCADC") and Taos County's request that the Court rule on the timeliness of Plaintiff Michael Gutwein's filing of his amended responses to their motions for summary judgment. *See docs. 96, 97*. Having reviewed the matter, the Court determines that the responses were not timely filed and will thus strike them from the record.

Plaintiff sought leave from this Court to amend his filed response to Defendants' first motion for summary judgment and to file an additional response to Defendants' second motion for summary judgment, arguing that his counsel had, through excusable neglect, misidentified the motion to which his response was applicable and had omitted key attachments necessary to demonstrate a dispute of material facts. *See doc. 58*. Defendants opposed this motion in light of previous delays from failure by Plaintiff to adhere to set deadlines. *See doc. 61*. Mindful of the importance of resolving dispositive motions on the merits where possible, the Court granted Plaintiff the requested extension, setting the response deadline for December 5, 2016. *Doc. 89*. However, the Court noted its concern regarding multiple delays and explicitly warned that "it

will tolerate no further failures to comply with deadlines due to counsel error or neglect." *Id*. at 4.

Despite this warning, Plaintiff again failed to comply with the Court's set deadline, instead untimely filing his responses in the early hours of December 6, 2016. *See docs. 94, 95*. While this short delay might be excusable as a first offense, it is unacceptable given the continuous pattern of delay and in light of the ample opportunities provided by the Court. *See, e.g., Haynes v. Kansas*, 261 F. App'x 87, 88 (10th Cir. 2008) (a decision on whether a failure to meet a deadline is excusable takes into account the presence or absence of a pattern of delay); *Tomson v. Weitz Co.*, No. 07-2506-CM, 2008 WL 4540986 (D. Kan. Oct. 8, 2008) (denying in part motion for extension due to multiple previous delays and requests for extension). Accordingly, Plaintiff's response pleadings are untimely and should be stricken. *See Lee v. Perry*, 134 F.3d 382 (10th Cir. 1998) (upholding district court's discretion in denying further extensions of time and striking plaintiff's untimely summary judgment response).

### CONCLUSION

For the foregoing reasons, the Court Holds that Plaintiff's Responses (*docs. 94, 95*) are untimely and strikes them from the docket.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**